Opinion by
Willson, J.
§711. Consideration; failure of, cannot be pleaded, when; case stated. Barton & Co. executed to one Omerod an instrument in writing as follows, viz.:
*623 “ Dallas, Texas, February 20, 1883.
“ Received from the City Flour Mills, 5,000 pounds
Flour, G. E., @ $2.75......................$137.50
“Due October 20, 1883.
(Signed) “J. W. Barton & Co.
(Indorsed) “J. Omerod.”
Appellee purchased this instrument from Omerod and paid him a valuable consideration therefor, and appellants refusing to pay the same, appellee brought this suit to recover the amount of the obligation. Appellants pleaded a partial failure of consideration, to wit, that ■ only one-half of the flour had been delivered to them, and they tendered the amount due for the flour they had received. Judgment was rendered for appellee for the full amount claimed. Appellants’ pleas of partial failure of consideration, and of tender, were sustained by the evidence. Held: The obligation sued upon is non-negotiable. [1 Danl. Neg. Inst. §§ 105,106.] It was acquired by appellee before its maturity, for a valuable consideration, in due course of trade, in good faith, and without notice of any want or failure of consideration. Such being the case, appellants could not avoid it by pleading and proving a failure of consideration in whole or in part. This is our understanding and. construction of article 272 of the Revised Statutes. Article 267 apparently conflicts with article 272. By the terms of the former, the assignee must allow every discount and defense which the obligation would have been subject to in the hands of any previous owner before notice of the assignment was given to the defendant. This would seem to include the defenses of a want or a failure of consideration. But the two articles are in pari materia and must be construed together, and so construed as to give effect to each, if such construction be reasonable. Our construction is, that article 272 relates specially and exclusively to the defenses of a want of, and a failure of consideration; and, therefore, these particular defenses can be interposed only in the instances named in that *624 article; while article 267 relates to and embraces all other defenses, except those of a want or failure of consideration. Article 267 is general in its terms, while article 272 is special; and it is a canon of statutory construction that a special controls a general provision in a statute. This being our view of the law, we hold that the court did not err in finding against appellants’ pleas of partial failure of consideration and of tender.
May 14, 1885.
Affirmed.